## TOMLIN v. UNITED STATES.

### No. 6530.

United States Court of Appeals for the District of Columbia.

May 11, 1936.

Modification Denied June 8, 1936.

James J. Laughlin, of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., and H. A. Schweinhaut, Asst. U. S. Atty., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

STEPHENS, Associate Justice.

This case is an appeal from a judgment of the Supreme Court of the District of Columbia entered August 2, 1935, sentencing the appellant to from two to four years in the penitentiary (as designated by the Attorney General), the sentence being imposed under the provisions of the Act of July 15, 1932, "To establish a Board of Indeterminate Sentence and Parole for the District of Columbia and to determine its functions, and for other purposes," 47 Stat. 696, as amended by the Act of June 5, 1934, 48 Stat. 880. The appellant had been convicted on June 27, 1935, under an indictment charging the commission on May 18, 1935, of acts constituting the crime of robbery.

Under appellant's assignments of error it was asserted first, that the trial court had erred in refusing to grant appellant's motion for a new trial made upon the ground that the verdict was contrary to the

weight of the evidence and on the ground of newly discovered evidence, and second, that the sentence imposed was illegal for the reason that the Act under which it was imposed was, for various asserted reasons, unconstitutional.

Prior to the date set for the argument of the case in this court, counsel for the respective parties in writing stipulated an abandonment of the first point and that the second point raised questions identical with those to be determined in the case of Sims v. Rives, 66 App.D.C. 24, 84 F.(2d) 871, and that therefore as to such point the decision in Sims v. Rives should control. Pursuant to this stipulation the case was submitted without argument.

In Sims v. Rives, decided this day, we have held the Act in question to be constitutional. Therefore, in accordance with the decision in that case and pursuant to the stipulation of counsel in this case, the judgment of the trial court herein is

Affirmed.